IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CR-99-FL-1
No. 4:14-CV-70-FL

| | | |
|---|---|---|
| MARIO CARMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (DE 44), petitioner's motion for leave to proceed in forma pauperis (DE 45), and the government's motion to dismiss (DE 70). Petitioner responded to the motion to dismiss, and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On November 14, 2012, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin and a quantity of cocaine base (crack) in violation of 21 U.S.C. § 846 and § 841(b)(1)(B). On August 6, 2013, petitioner was sentenced to 100 months imprisonment. Petitioner did not appeal. Petitioner's sentence subsequently was reduced to 84 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2), on February 6, 2015.

Petitioner filed the instant § 2255 motion April 28, 2014, asserting the following claims:

1) petitioner's criminal history calculation was improper, based upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc);

2) petitioner's indictment was insufficient as it failed to provide specific quantities of drugs;

3) prosecutorial misconduct based upon criminal charges brought against case agent Rose Edmonds;

4) ineffective assistance of counsel in failing to raise arguments based upon criminal charges brought against case agent Rose Edmonds.

The government moves to dismiss the first two claims on the basis of the waiver in petitioner's plea agreement and moves to dismiss the first three claims on the basis of procedural default. The government also moves to dismiss the third and fourth claims because they are without merit.

## DISCUSSION

A. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs .com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (citations omitted).

1.   Plea Waiver

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "[C]laims regarding the application of Simmons fall within the scope of [a] valid appeal waiver." United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013). The same is true of claims claiming a defect in an indictment. See, e.g., United States v. Khan, 496 F. App'x 326, 327 (4th Cir. 2012). In addition, a guilty plea, in itself, effects a waiver of all non-jurisdictional defects in an indictment. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Here, petitioner agreed to waive the right to challenge his conviction "except[] . . . upon grounds of ineffective assistance of counsel or prosecutorial misconduct." (DE 24). Petitioner does

3

not allege, nor is there evidence to suggest, that his plea was either unknowing or involuntary. Accordingly, petitioner has waived his right to attack his conviction and sentence collaterally on the basis of Simmons and defects in the indictment, and his first two claims must be dismissed on this ground.

2. Procedural Default

Procedural default prevents a petitioner from raising on collateral review claims that could have been raised on a direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'" or on the basis of "actual innocen[ce]." Id. at 622-23 (quoting Murray v. Carrier, 477 U.S. 478, 485) (1986).

Petitioner first argues generally that he may overcome his procedural default on the basis of actual innocence. But, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Id. at 623. Petitioner here does not allege any facts showing that he was actually innocent of the charged offense, but rather raises legal arguments challenging his guidelines range calculation and drug quantity attributed to him. Petitioner also suggests that his counsel was ineffective in failing to bring an appeal. But, petitioner does not allege any facts showing that he requested counsel to file an appeal, nor that counsel failed to consult regarding an appeal.

Petitioner also suggests that any appeal based upon prosecutorial misconduct grounds he now alleges would have been futile, due to the waiver in his plea agreement. But, this suggestion only serves to support dismissal on the basis of the plea waiver, which is applicable to both appeal and

4

collateral attack. Finally, petitioner suggests he could not have discovered the basis for his arguments prior to his appeal. But, the news reports petitioner attaches to his petition describe termination of Edmonds in February 2013, and charges brought in April 2013, both in advance of petitioner's sentence. Accordingly, where petitioner could have raised the prosecutorial misconduct now alleged in the district court and on direct appeal, such claim is procedurally defaulted.

In sum, petitioner's first three claims must be dismissed on the basis of procedural default.

3.  Merits

    a.  Prosecutorial Misconduct

In the alternative, the court addresses the merits of petitioner's claim. Generally, "[t]he test for reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Chorman, 910 F.2d 102, 113 (4th Cir. 1990). Petitioner has failed to state a claim of prosecutorial misconduct. While criminal conduct by Edmonds is undisputed, (see DE 44-2 at 8-9), petitioner makes no allegation as to any connection between such criminal conduct and the prosecution of this case. Petitioner's suggestion that Edmonds' criminal conduct and improper conduct in other cases must have somehow tainted his case is speculative and lacks factual details necessary to allow the claim to proceed further.

In this respect, the facts alleged by petitioner here are distinguishable from those found determinative to a claim premised upon an invalid guilty plea in United States v. Fisher, 711 F.3d 460 (4th Cir. 2013). There, the Fourth Circuit held that a defendant was entitled to withdraw his guilty plea when both he and the government later discovered that the "law enforcement officer

5

responsible for the investigation that led to the defendant's arrest and guilty plea himself later pled guilty to having defrauded the justice system in connection with his duties as an officer," which conduct "underpinned the search warrant for the defendant's residence." Id. at 469. Characterizing the case before it as "extraordinary," id. at 462, the court noted that the "case present[ed] highly uncommon circumstances in which gross police misconduct goes to the heart of the prosecution's case." Id. at 466. The court distinguished the case from one where a "[d]efendant sought to withdraw his plea merely because he discover[ed] long after the plea ha[d] been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." Id. (quotations omitted).

Unlike in Fischer, petitioner has not alleged that the alleged criminal conduct by Edmonds related specifically to the police investigation that underpinned the government's evidence in this case. In this manner, petitioner has not alleged any basis to challenge the drug amounts used at sentencing through allegations of misconduct by Edmonds. Indeed, although the presentence report suggested the petitioner was accountable for a marijuana equivalency of 1,266.32 kilograms drug quantity, the court adopted an advisory guidelines range on the basis of the drug amount of no more than 700 kilograms stipulated in the plea agreement. (See DE 68).

Thus, petitioner has not shown prosecutorial misconduct affecting his substantial rights, and petitioner's prosecutorial misconduct claim fails as a matter of law.

      b.      Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, petitioner must show "(1) that his attorney's performance 'fell below an objective standard of reasonableness' and (2) that he experienced prejudice as a result, meaning that there exists 'a reasonable probability that, but for

6

counsel's unprofessional errors, the result of the proceeding would have been different.' " United States v. Fugit, 703 F.3d 248, 259 (4th Cir.2012) (quoting Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984)).

Petitioner claims that counsel was ineffective in failing to investigate further misconduct by Edmonds. But, such claim suffers the same flaws as petitioner's prosecutorial misconduct claim. Petitioner does not identify any facts bearing on his own conviction that should have led counsel to investigate further. Nor is there any basis in the record to conclude that further investigation in this case would have led petitioner to insist upon going to trial or a different outcome at sentencing following petitioner's guilty plea. In fact the record belies such a claim, where counsel stated at sentencing the following regarding Edmonds:

> The third debrief, Your Honor, which I think is important for the Court to know, had to do with an officer that was involved in this case that's been indicted, Rose Edmonds, and the point I'd say, that the SBI came, my client talked, and that didn't lead to a 5K, and we certainly understand that, but my client didn't complain. He said, Mr. Hill, would you look into Rose Edmonds, see if it has some effect on my case, should we withdraw the guilty plea and go forward? <u>And I talked to Jason and I knew that there were other officers present and it didn't affect the case</u>. So he certainly didn't complain, he's here, he's taking his medicine, is the way I see it, and I think that's important to the Court.

(DE 68 at 5) (emphasis added).

In sum, petitioner's counsel satisfied his "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. Therefore, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and defendant is entitled to judgment as a matter of law.

7

4. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the government's motion to dismiss (DE 70) is GRANTED, and petitioner's motion to vacate (DE 44) is DENIED. Petitioner's motion for leave to proceed in forma pauperis (DE 45) is DENIED AS MOOT. A certificate of appealability is DENIED.

SO ORDERED, this the 7th day of October, 2015.

LOUISE W. FLANAGAN
United States District Judge